## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISON

| | | |
|---|---|---|
| **CARLO JIMENEZ** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 4:21−CV−03242** |
| | § | |
| v. | § | **JURY DEMANDED** |
| | § | |
| **ALEJANDRO MAYORKAS,** *et al.,* | § | |
| | § | |
| *Defendant*. | § | |

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Dated: May 15, 2023

Respectfully submitted,



**Eddie Hodges Jr.**
Texas Bar No. 24116523
S.D. ID. 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
Alfonso.Kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

CONTENTS

**SUMMARY OF THE ARGUMENT** ................................................................. 1

**NATURE OF THE PROCEEDINGS** ........................................................... 2

**MATERIAL FACT ISSUES PRESENTED** .................................................. 2

**UNDISPUTED MATERIAL FACTS** ............................................................ 3

   **A. PLAINTIFF FILES MULTIPLE EEO COMPLAINTS THROUGHOUT A DECADE OF HIS EMPLOYMENT.**................................................................................ 3

   **B. IN JULY 2019, PLAINTIFF APPLIED TO BE PROMOTED TO THE GS-13 SUPERVISORY DETENTION AND DEPORTATION OFFICE POSITION AND THE DECISIONMAKERS HAD KNOWLEDGE OF PLAINTIFF'S PRIOR EEO COMPLAINTS.** 3

   **C. PLAINTIFF IS GIVEN NOTICE THAT HE WAS NOT SELECTED FOR PROMOTION AND DEFENDANT SELECTED INDIVIDUALS WITHOUT ANY PRIOR EEO ACTIVITY WHO WERE LESS QUALIFIED THAN PLAINTIFF.**.................................................... 5

**SUMMARY JUDGMENT STANDARD OF REVIEW** ................................... 7

**ARGUMENTS AND AUTHORITIES** .............................................................. 8

   **A. PLAINTIFF CAN ESTABLISH A PRIMA FACIE CASE OF RETALIATION BASED ON CIRCUMSTANTIAL EVIDENCE UNDER TITLE VII AND TCHRA.**........................... 8

      *1. THERE IS A QUESTION OF FACT REGARDING WHETHER PLAINTIFF'S 2018 EEO COMPLAINT WAS A MOTIVATING FACTOR IN HIS NON-SELECTION FOR PROMOTION.* .................................................. 9

      *2. THERE IS A QUESTION OF FACT REGARDING WHETHER DEFENDANT'S RECORDS THAT SHOW ELEVEN PEOPLE RATED HIGHER THAN PLAINTIFF IS NOT CREDIBLE AND UNWORTHY OF CREDENCE, GIVEN THAT DEFENDANT FAILED TO FOLLOW ITS OWN RETENTION POLICY AND FAILED TO KEEP ACCURATE RECORDS OF PLAINTIFF'S SCORE SHEETS AND RESUME TO JUSTIFY ELEVEN PEOPLE WERE RATED HIGHER.*...............................................................11

**CONCLUSION** ...............................................................................................16

# TABLE OF AUTHORITIES

**CASES**                                                               **PAGE(S)**

*Anderson v. Liberty Lobby, Inc*.,
477 U.S. 242 (1986) …………………………………………………………………... 7, 8

*Banks v. E. Baton Rouge Parish Sch. Bd.,*
320 F.3d 570 (5th Cir.2003) …………………………………………………………  9

*Burch v. City of Nacogdoches,*
174 F.3d 615 (5th Cir.1999) …………………………………………………….... 8

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) …………………………………………………………………… 7

*Clark Cnty. Sch. Dist. v. Breeden,*
532 U.S. 268 (2001) ………………………………………………………………… 10

*Dibidale of Louisiana, Inc. v. American Bank & Trust Co*.,
916 F.2d 300 (5th Cir. 1990) …………………………………………………….... 8

*Fowler v. Smith,*
68 F.3d 124 (5th Cir. 1995) ...……………………………………………………… 13, 15

*Gee v. Principi,*
289 F.3d 342 (5th Cir. 2002) ……………………………………………………….. 15

*Glasmire v. Public Storage,*
2013 WL 1890363 (N.D. Tex. 2013) ………………………………………………  15

*Glover-Dorsey v. University of Tex. Med. Branch,*
147 F. Supp. 2d 656 (S.D. Tex. 2001) ……………………………………………… 7

*Long v. Eastfield Coll.,*
88 F.3d 300, 305 n. 4 (5th Cir.1996) ………….....……………………....………… 10, 11

*Marsaglia v. University of Texas, El Paso,*
22 S.W.3d 1 (Tex.App.-El Paso 1999, pet. denied) …………….....………………… 10

*Medina v. Ramsey Steel Co., Inc.,*
238 F.3d 674 (5th ..Cir.2001) …………………………………………………… 9, 10

*Nasti v. CIBA Specialty Chemicals Corp*.,
492 F.3d 589 (5th Cir. 2007) ……………………………………………………..... 15

*Nichols v. Loral Vought Sys. Corp.*,
81 F.3d 38 (5th Cir. 1996) ……………………………………………………….. 9

*Raggs v. Miss. Power & Light Co.,*
278 F.3d 463 (5th Cir.2002) ……………………………………..……………………….. 9

*Ramirez v. Landry's Seafood*,
280 F.3d 576 (5th Cir. 2002) …………………………………………………………... 15

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133 (2000) …………………………………………………………….......... 8

*State Farm Fire & Cas. Co. v. Amazon.com, Inc.*,
525 F. Supp. 3d 753 (N.D. Miss. 2021) ………………………………….……………………… 15

*Thompson v. Somervell Cnty., Tex.,*
431 Fed.Appx. 338 (5th Cir.2011) ……………………………..………………………….. 10

*Warfield v. Byron*,
436 F.3d 551 (5th Cir. 2006) ………………………………………………………… 13, 15

**Rules and Statutes**

Title VII, 42 U.S.C. § 2000(e)(3)

Texas Labor Code (TCHRA), § 21.051 – 21.055

Fed. R. Civ. P. 56(c)

Fed. R. Evid. 801 - 803

## EXHIBIT LIST

Exhibit A    →    Declaration of Carlo Jimenez

Exhibit B    →    Emails regarding the lost records associated with Plaintiff

Exhibit C    →    Emails regarding selection/non-selection for the GS-13 promotion

Exhibit D    →    Declaration of Stephanie Lambert – June 2, 20221

Exhibit E    →    Stephanie Lambert's knowledge of Plaintiff's prior EEO activity

Exhibit F    →    Patrick Contreras' knowledge of Plaintiff's 2018 EEO activity

Exhibit G    →    Jerry Turner's knowledge of Plaintiff's 2018 EEO activity

Exhibit H    →    Gabriel Martinez's knowledge of Plaintiff's 2018 EEO activity

Exhibit I    →    Tri-Bureau Merit Promotion Plan – Record Retention Policy

Exhibit J    →    Declaration of Patricia Mulhall – regarding candidates prior EEO activity

Exhibit K    →    Defendant's continued threats of retaliation email – March 2, 2022

**NOW COMES**, Plaintiff Carlo Jimenez (hereinafter "Mr. Jimenez" or "Plaintiff") files this Response in Opposition to Defendant Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security, Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement, and U.S. Immigration and Customs Enforcement's (hereinafter "Defendant") Motion for Summary Judgment respectfully requesting the Honorable Court to **DENY** Defendant's Motion for the following reasons:

## SUMMARY OF THE ARGUMENT

Defendant's Motion for Summary Judgment should be **DENIED** because Plaintiff has established his burden of a *prima facie* case of retaliation under Title VII and the Texas Labor Code. Plaintiff has been subject to systemic discrimination through retaliation for a decade by management officials for Defendant. Plaintiff is currently employed by Defendant as a Deportation Officer in the Enforcement and Removal Operations department (hereinafter referred to as "ERO") and has maxed out at his current level. The only way Plaintiff can move to the next level is through promotion. Plaintiff will present direct and circumstantial evidence that his protected EEO activity was a motivating factor in the decision to pass over Plaintiff for the GS-13 Supervisory Detention and Deportation Office position.

Defendant contends that Plaintiff "failed to litigate" and "cannot put on a case for a reasonable fact finder to rule in his favor," yet Plaintiff produced his initial disclosures and Defendant failed to request any discovery or notice Plaintiff's deposition. Plaintiff's testimony and the summary judgment evidence attached create genuine material fact issues as to whether Plaintiff's protected EEO activity was a motivating factor in the decision to not promote Plaintiff. Moreover, the evidence demonstrates that similarly situated employees, who were less qualified,

and did not have prior EEO activity were treated more favorably. Contrarily, Defendant has produced inadmissible summary judgment, which lacks verification and trustworthiness.

Furthermore, summary judgment evidence exists that demonstrates that Defendant's explanation for Plaintiff's non-selection is not credible or unworthy of credence. Genuine issues of material fact do exist as to whether Plaintiff's non-selection for promotion was based on Defendant's inadmissible ranking spreadsheet that allegedly captured all hiring data, was pretextual to cover up retaliatory motives, given the fact that: (1) Stephanie Lambert's, June 2021 testimony demonstrates that "she was not able to locate Plaintiff's interview and resume score sheets regarding the GS-13 position;" therefore, Defendant has submitted no evidence to substantiate that individuals promoted were the most qualified candidates. Based on the material fact issues presented in the response below, summary judgment should be **<u>DENIED</u>**.

<u>**NATURE OF THE PROCEEDINGS**</u>

Plaintiff filed suit against Defendant alleging retaliation under 42 U.S.C. § 2000(e)(3) ("Title VII") and the Texas Labor Code § 21.051 and 21.055 ("TCHRA"). Defendant filed their Motion for Summary Judgment on April 17, 2023. Plaintiff has filed this response timely based on the agreed extension and according to the Federal Rules. Fed. R. Civ. P. 56(c).

<u>**MATERIAL FACT ISSUES PRESENTED**</u>

1. Whether Plaintiff can show a *prima facie* case of retaliation under Title VII and TCHRA, given that (i) Plaintiff engaged in protected activity by filing multiple EEO complaints throughout the course of his employment; (ii) Defendant failed to promote Plaintiff to the GS-13 position in 2019; and (iii) the decisionmakers were aware of his prior EEO activity and selected the individuals without any EEO activity.

2. Whether a reasonable fact finder could find that Plaintiff was not selected for the GS-13 promotion based on pretextual motives to not select Plaintiff based on his prior EEO activity given that the evidence shows the records pertaining to the interview and resume scores of the candidates were lost; there is no evidence to substantiate that the selectees

were the most qualified candidates; the decisionmakers had knowledge Plaintiff's prior EEO activity; and selected individuals without any EEO activity who were less qualified? Defendant's conflicting explanations, admissions, and lack of admissible evidence create factual issues as to whether Defendant can justify Plaintiff's non-selection for promotion based the fact that the decisionmaker's had retaliatory motives, which preclude summary judgment.

### UNDISPUTED MATERIAL FACTS

**A. Plaintiff files multiple EEO complaints throughout a decade of his employment.**

1. Plaintiff acknowledges that he is the most educated law enforcement officer within the Houston Field Office. Plaintiff has held two job-related master's degrees and a bachelor's degree in management. Plaintiff was selected by the Houston Field Office management to attend the New Leader Program, a government sponsored leadership school that grooms future government leaders. Plaintiff was a part-time college professor and a decorated U.S. military veteran. For over the eight (8) years of employment Plaintiff has received "outstanding" performance ratings. **Exhibit A at ¶ 2**.

2. Plaintiff has filed multiple EEO complaints throughout his employment; complaining of disparate treatment. Plaintiff's EEO complaints: HS-ICE-01222-2020, HS-ICE-01695-2018, HS-ICE-00166-2015, HS-ICE-00710-2013, HS-ICE-23136-2012, HSICE-20104-2012, and HS-ICE-005433-2010. Plaintiff's EEO complaints regarded multiple complaints of disparate treatment, hostile work environment. **Exhibit A at ¶ 5**.

**B. In July 2019, Plaintiff applied to be promoted to the GS-13 Supervisory Detention and Deportation Office position and the decisionmakers had knowledge of Plaintiff's prior EEO complaints.**

1. On July 22, 2019, Plaintiff applied for a promotion to a GS-13 Supervisory Detention and Deportation Office position because he was maxed out at the GS-12 level and the only way he could move up is through promotion. Management officials were aware of Plaintiff's prior EEO activity in 2018. **Exhibit A** at ¶ 4; 6; **Exhibit E; F; G; H**. Based on Plaintiff's personal knowledge and summary judgment evidence the following were a part of Plaintiff's selection process:

| Selection Role | Title/Position | Name | Date of Knowledge of Plaintiff's prior EEO activity |
|---|---|---|---|
| Selection Official | Field Office Director (SES) | Patrick Contreras | Yes, since October 4, 2018 [Exhibit F]. |
| Scoring and Ranking Official | Assistant Field Office Director (GS-14) | Stephanie Lambert | Yes, since June 30, 2014 [Exhibit E]. |
| Interview Panel | Assistant Field Office Director (GS-14) | Jerry Turner | Yes, since September 27, 2018 [Exhibit G]. |
| Interview Panel | Assistant Field Office Director (GS-14) | Carl Lenoir | None |
| Interview Panel | Assistant Field Office Director (GS-14) | Sylvia Renda | None |
| Resume Panel | Assistant Field Office Director (GS-14) | Gabriel Martinez | Yes, since January 29, 2019 [Exhibit H]. |
| Resume Panel | Assistant Field Office Director (GS-14) | Keith Acosta | None |
| Resume Panel | Assistant Field Office Director (GS-14) | Steven Kutz | None |

**Exhibit A** at ¶ 9.

4

2.  Plaintiff has personal knowledge that Patrick Contreras was the selection official. Plaintiff's previous EEO complaints were specifically against Mr. Contreras, and he retaliated against Plaintiff for engaging in prior EEO activity. **Exhibit A** at ¶ 6. On September 30, 2019, the persons selected for the position were notified of their selection. On February 24, 2020, Plaintiff was notified of his non-selection for the promotion to the GS-13 position. **Exhibit A** at ¶ 7.

**C. Plaintiff is given notice that he was not selected for promotion and Defendant selected individuals without any prior EEO activity who were less qualified than Plaintiff.**

1.  Plaintiff was given notice that Assistant Field Office Director (GS-14) Stephanie Lambert, "scoring and ranking official," who has known about Plaintiff's protected EEOC activity since 2014. **Exhibit E**. Ms. Lambert declared that she lost the promotion records by February 2021 per her February 8, 2021, email, "Yes, the hardcopy is not available, only the spreadsheet that captures all hiring data." **Exhibit B**.

2.  Stephanie Lambert's June 2, 2021, declaration stated: "When responding to questions concerning Mr. Jimenez's EEO Complaint, I was **not able to locate the interview and resume score sheets for this vacancy**. They were not in the file cabinet where they are typically maintained." and "I believe that not physically being present in the office building for over one year and the major office renovation may be the cause for not being able to locate the full record file for the subject vacancy, this **includes score sheets and resumes**." **Exhibit D**.

3.  The records pertaining to the interview and resume scores of the candidates were lost, and there is no evidence to substantiate that the selectees, Jennifer Buchanan

and Brian Balkoveic, were the most qualified candidates. In fact, Plaintiff has personal knowledge of both Jennifer and Brian's resume, and it can be inferred that he is more qualified than both Jennifer and Brian based on a comparison of their resumes alone. **Exhibit A** at ¶ 10; **Exhibit D**.

4.  Two months after Assistant Field Office Director (GS-14) Stephane Lambert's declaration relating to the loss of government records she was then promoted to a GS-15 at the U.S. Department of Treasury in August 2021. **Exhibit D**. The loss of critical records is an egregious violation of established agency protocol and directly impacts the Plaintiff's ability to challenge the selection process. **Exhibit I.** This failure to maintain proper records raises serious concerns about the legitimacy and credibility of the Defendant's selection process.

5.  Defendant's lack of critical records violated the then Tri-Bureau Merit Promotion Plan (Section 8), for not maintaining records for two years from the date of selection, "The documentation should be sufficient to allow reconstruction of the entire promotion action, including documentation on how candidates were rated and ranked." **Exhibit I**. Furthermore, the agency violated its own record retention policy and law by not maintaining personnel action documentation for at least three full years, as required by the ICE Merit Promotion Procedures and the Tri-Bureau Merit Promotion Plan. *Id.* The Merit Systems Protection Board (MSPB) has issued regulations (5 C.F.R. § 335.103) that require federal agencies to retain records related to merit system promotion actions for at least two years after the promotion action. Losing promotion records may violate these regulations.

6. The loss of critical records is a clear violation of established regulations and protocol and raises serious concerns about the legitimacy and credibility of the Defendant's selection process. Furthermore, Defendant violated its own record retention policy and law by not maintaining personnel action documentation for at least three full years, as required by the ICE Merit Promotion Procedures and the Tri-Bureau Merit Promotion Plan. This failure to maintain proper records directly impacted the Plaintiff's ability to challenge the selection process, and therefore, suggests that the employer's reason is unworthy of credence for selecting the two employees without any prior EEO activity, which was a pretext for retaliation. **Exhibit J**.

7. Defendant's culture of continued fear and intimidation, as evidenced by an email from higher management is direct evidence of this notion, "What you say and do, will eventually get back to upper management." **Exhibit K**.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Glover-Dorsey v. University of Tex. Med. Branch*, 147 F. Supp. 2d 656, 661 (S.D. Tex. 2001); *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986). Issues of material fact are "genuine" if they require resolution by a trier of fact. *Id*. Disputes over facts that might affect the outcome of the lawsuit under governing law will preclude

7

the entry of summary judgment. *Id*. If the evidence is such that a reasonable factfinder could find in favor of the nonmoving party, summary judgment should not be granted. *Id*. Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir.1999).

In ruling on Defendant's Motion, cases indicate that the Court must accept Plaintiff's evidence as true and must draw all reasonable inferences in his favor. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133 (2000); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Conversely, the Court must not weigh the evidence or make credibility determinations, for "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150-51 (*quoting Anderson*, 477 U.S. at 255). *See also Dibidale of Louisiana, Inc. v. American Bank & Trust Co*., 916 F.2d 300, 307-08 (5th Cir. 1990) ("credibility assessments are not fit grist for the summary judgment mill").

Here, there are clearly genuine issues of material fact, which necessitate Plaintiff's claims progressing to a trial on the merits. Plaintiff is not basing his claims on mere subjective belief that he has been subjected to retaliation based on his prior EEO activity, but he has submitted summary judgment evidence in which a reasonably juror could conclude that the actions of Defendant were retaliatory, pretextual, and unworthy of belief. Each of the issues presented in Defendant's Motion are highly disputed and fact intensive. The evidence and testimony are disputed and dependent upon credibility determinations that cannot be made on summary judgment.

## ARGUMENTS AND AUTHORITIES

**A. Plaintiff can establish a *prima facie* case of retaliation based on circumstantial evidence under Title VII and TCHRA.**

8

To establish a *prima facie* claim of retaliation under the Title VII and the TCHRA, Plaintiff must prove: (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.". *Banks v. E. Baton Rouge Parish Sch. Bd., 320* F.3d 570, 575 (5th Cir.2003*) (quoting Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir.2002)). Plaintiff has provided summary judgment evidence that (1) he engaged in multiple acts of protected activity including an EEO complaint in 2018; (2) Plaintiff was eligible for a promotion and applied for the GS-13 promotion, but was ultimately not selected and not promoted; and (3) a causal link exists between Plaintiff's prior EEO activity and the failure to promote Plaintiff, given that members of the selection process had notice of Plaintiff's prior EEO activity and Defendant selected less-qualified employees who did not have any prior EEO activity.

Defendant concedes that Plaintiff satisfies most of the elements of the *prima facie* case, which is appropriate because the burden for establishing a *prima facie* case is "very minimal." *Nichols v. Loral Vought Sys. Corp*., 81 F.3d 38, 41 (5th Cir. 1996). However, Defendant asserts that Plaintiff cannot establish the third element of his *prima facie* case for retaliation because there is no evidence of a causal connection between the Plaintiff's EEO Complaints and his non-selection to the GS-13 position. Defendant does not contend that Plaintiff cannot satisfy any other element of his *prima facie* case in its Motion. Based on the evidence presented in this response, Plaintiff has met the burden of establishing a *prima facie* case by circumstantial evidence.

1.    THERE IS A QUESTION OF FACT REGARDING WHETHER PLAINTIFF'S 2018 EEO COMPLAINT WAS A MOTIVATING FACTOR IN HIS NON-SELECTION FOR PROMOTION.

A "causal link" exists when "the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674,

684 (5th Cir.2001) (internal punctuation and citation omitted). Thus, to demonstrate the required causal link required for a prima facie case, a plaintiff need not prove that his protected activity was the sole factor motivating the employment decision. *See Long v. Eastfield Coll.,* 88 F.3d 300, 305 n. 4 (5th Cir.1996).

To establish a causal link, Plaintiff relies on the close temporal proximity between his 2018 EEO complaint and the summary judgment evidence that tends to show the decisionmakers had actual knowledge of Plaintiff's protected EEO complaints. At the prima facie stage, "temporal proximity can only establish the causal link when it is connected to the decisionmaker's knowledge of the protected activity." *Thompson v. Somervell Cnty., Tex.,* 431 Fed.Appx. 338, 342 (5th Cir.2011) (and cases cited therein); *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam).

In this case, Plaintiff has provided summary judgment evidence that the decisionmakers in the selection process for the GS-13 promotion had knowledge of Plaintiff's prior EEO activity. **Exhibits E, F, G, H**. "A 'causal link' is established when the evidence demonstrates that the employer's decision to terminate was [based] in part on knowledge of the employee's protected activity." *Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 5 (Tex.App.-El Paso 1999, pet. denied) (affirming summary judgment where plaintiff failed to produce evidence that decisionmaker had knowledge of plaintiff's protected activity).

Defendant argues that because there are years between Plaintiff's protected activity and the adverse employment action; Plaintiff cannot assert a causal connection between his non selection and prior EEO activity. It is undisputed that the decision to select Jennifer and Brian was made in September 2019, and Plaintiff was not given notice of non-selection until February 2020. To establish the causal link, the summary judgment evidence must show that the employer's decision

10

to terminate was based in part on knowledge of the employee's protected activity. A causal link can be established by evidence that the ultimate decision maker, with final authority to hire and fire subordinate employees, merely "rubber stamped" a recommendation to terminate made by an employee with knowledge of the complaint. *See Long,* 88 F.3d at 307. The causal link, however, can be severed if there is evidence that the ultimate decision maker did not merely "rubber stamp" the recommendation of the employee with knowledge of the protected activity, but conducted an independent investigation into the circumstances surrounding the employee's termination. *See id.*

Plaintiff has introduced summary judgment evidence that the ultimate decision makers, (i.e. the selection process group – Patrick Contreras, Stephanie Lambert, Jerry Turner, Gabriel Martinez), all had previous knowledge regarding Plaintiff's prior EEO activity in 2018**. Exhibits E, F, G, H**. There is no evidence that Defendant retained appropriate records and or conducted an independent investigation into the circumstances surrounding Plaintiff's non selection for promotion. Moreover, the "selection process group" selected Jennifer and Brian, in part because both applicants did not have any prior EEO history. Thus, Plaintiff has introduced summary judgment evidence allowing a reasonable trier of fact to find a causal link between the 2018 EEO complaint and the non-selection for promotion based on the decisionmakers' knowledge of Plaintiff's EEO activity and the lack of evidence retained to prove Plaitniff was clearly more qualified.

> 2. <u>THERE IS A QUESTION OF FACT REGARDING WHETHER DEFENDANT'S RECORDS THAT SHOW ELEVEN PEOPLE RATED HIGHER THAN PLAINTIFF IS NOT CREDIBLE AND UNWORTHY OF CREDENCE, GIVEN THAT DEFENDANT FAILED TO FOLLOW ITS OWN RETENTION POLICY AND FAILED TO KEEP ACCURATE RECORDS OF PLAINTIFF'S SCORE SHEETS AND RESUME TO JUSTIFY ELEVEN PEOPLE WERE RATED HIGHER.</u>

As much as Defendant seeks to discredit it, the gravamen of Plaintiff's retaliation claim is that Defendant's reason for non-selection and promotion is not credible, unworthy of credence, false, and conflicting because (i) Defendant failed to retain Plaintiff's resume and score sheet as required under retention policies; (ii) Defendant selected applicants with no prior EEO activity; and (iii) Plaintiff was clearly more qualified than the individuals selected for promotion. Defendant failed to MSPB regulations regarding retention of records related to merit system promotion records. Defendant has testified previously that the records have been lost and Plaintiff's records, at the time of review, were not able to be located. Moreover, the records would had presented direct evidence that Plaintiff was clearly more qualified that the selected individuals, but the only difference was the Plaintiff had prior EEO complaints against one of the decisionmakers. Mr. Patrick Contreras, the Selection Official, knew of Plaintiff's EEO complaints as of October 2018. **Exhibit F**. Defendant alleges evaluations of the resumes and interviews show that seventy-six people applied for the supervisor position, and Plaintiff came in twelfth. However, Plaintiff asserts that Defendant's reason for non-selection is not credible given that failed to maintain resume review panel members' notes and scorings for Complainant (Carlo Jimenez) to justify his twelfth-place ranking.

Plaintiff's summary judgment evidence provides inconsistencies as to whether Defendant's evaluation and selection process was credible, given that Defendant the resume review and interview notes are not available because the hard-copy file cannot be located. By affirming that no records were retained; Defendant cannot justify its decision to not select Plaintiff for promotion based on the ranking spreadsheet because there are not records to justify or authenticate the accuracy of the ranking spreadsheet as it pertains to Plaintiff.

The movant must support its assertion that a genuine issue of fact does not exist by (a) citing to the record; or (b) showing that the record does not establish the presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact. *United States ex rel. Jamison v. McKesson Corp.*, 784 F. Supp. 2d 664 (N.D. Miss. 2011). In this vein of "required proof," "the hearsay rule applies with equal force in the context of a summary judgment." *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006). Thus, "summary judgment evidence cannot be based on hearsay." *Fowler v. Smith*, 68 F.3d 124, 125 (5th Cir. 1995).

The Court must first examine the admissibility of the ranking spreadsheet, which Defendant produced as summary judgment evidence to justify Defendant's non-retaliatory reason for non-selection. [Defendant's Exhibit B – (008-009)]. If the ranking spreadsheet is deemed to be hearsay, it will affect whether the Plaintiff has sufficient evidence to create a question of fact in regard to his qualifications for the GS-13 position. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Unless covered within an exception, hearsay evidence is inadmissible. Fed. R. Evid. 802. Here, Defendant has offered the ranking spreadsheet into evidence in an effort to demonstrate that the content is truthful and supports its defense.

Rule 803(6) of the Federal Rules of Evidence provides that a business record, such as the ranking spreadsheet may be admissible if: (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all of these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that

complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6).

Here, Defendant failed to offer any witness, custodian or otherwise, to indicate trustworthiness of the contents of the ranking spreadsheet, and under Rule 803(6), the business record exception to hearsay, would not apply. Moreover, Defendant attempts to use the contents of the record to prove that plaintiff was less qualified, yet the Defendant has not stated that it has a custodian, other qualified witness, or other certification method to verify the record in compliance with Rule 803(6)(D), and more importantly the Defendant's inability to locate the resume and interview notes regarding Plaintiff's selection process (given that it is required under retention policy), necessarily means that the considerations listed under Rule 803(6)(E), such as, the source of information for the ranking spreadsheet cannot be located, clearly indicates a lack of trustworthiness, and therefore, the trustworthiness cannot be meaningfully examined. Thus, the business record exception to hearsay, does not apply here. Accordingly, we respectfully ask this Court to STRIKE and not consider Defendant's ranking spreadsheet [Defendant's Exhibit B 008-009].

Defendant may argue that the ranking scoresheet should be admissible as an exception to hearsay under Fed. R. Evid. 807 because they were unable to locate the resume and interview notes to justify the ranking spreadsheet, thus making the ranking spreadsheet their "best evidence" that Plaintiff was less qualified than the individuals selected for promotion. Defendant cannot overcome the requirements to admit the ranking spreadsheet under Rule 807. The first being under 807(a)(1) requiring sufficient guarantees of trustworthiness. As previously stated, Plaintiff's resume and interview notes associated with his ranking were not located. No party can guarantee

14

the trustworthiness of an unidentified declarant. This inability to gauge trustworthiness outweighs the fact that the ranking spreadsheet is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. *See State Farm Fire & Cas. Co. v. Amazon.com, Inc.*, 525 F. Supp. 3d 753, 755 (N.D. Miss. 202 1) (holding a purchase order <u>was not admissible</u> under business records exception to the hearsay rule at summary judgment stage because there was not a custodian, other qualified witness, or other certification method to verify record, and the inability to the locate online seller necessarily meant untrustworthiness, which could not be meaningfully examined) (emphasis added)(citing *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006); *Fowler v. Smith*, 68 F.3d 124, 125 (5th Cir. 1995)).

A widely accepted method of proving pretext, and thus liability, is to show that the employer's statements are false. *See*, *e.g.*, *Reeves*, *supra*. Another way is to prove that Defendant has provided inconsistent or conflicting explanations for its conduct." *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589 (5th Cir. 2007*); See, e.g., Gee v. Principi*, 289 F.3d 342, 347-48 (5th Cir. 2002). Yet, another is to prove that other individuals were treated differently. *See, e.g., Ramirez v. Landry's Seafood*, 280 F.3d 576, 577-78 (5th Cir. 2002). Here, the evidence supports all of the above-mentioned methods.

Defendant has submitted inadmissible summary judgment evidence to justify its legitimate non-retaliatory reasoning that Plaintniff was not qualified based on the ranking spreadsheet. Defendant failed to retain important documents related to Plaintiff's selection process to render Defendant's summary judgment evidence, uncredible, and unworthy of credence. *Glasmire v. Public Storage*, 2013 WL 1890363 *5 (N.D. Tex. 2013). Ms. Lambert declared that no hard copy could be located, which is a clear violation of Defendant's retention policy regarding merit-based

promotions. The summary judgment evidence demonstrates that members of the selection process had actual knowledge of Plaintiff's prior EEO activity and conflicting facts suggest Plaintiff was more qualified, and that Defendant selected Jennifer and Brian specifically because they did not have any prior EEO complaints. Given that Defendant has asserted inadmissible business records without any trustworthiness or credible verification; the reason for Plaintiff's non-selection of promotion lacks credence. A reasonable jury could infer that Defendant failed to retain Plaintiff's selection process records to be able to later justify Plaintiff's non-selection based on the ranking spreadsheet. A reasonable jury could infer, based on Plaintiff's verified summary judgment evidence, that he was in fact more qualified based on his work experience, technical proficiency, education and training, and interviews. The summary judgment evidence and lack of evidence create a genuine issue of material fact with respect to pretext. Therefore, we respectfully ask this Court to **DENY** Defendant's Motion and allow Plaintiff's claims to proceed to trial.

## <u>CONCLUSION</u>

The admissible summary judgment evidence is clear that Plaintiff can establish a *prima facie* case of retaliation. Defendant has presented inadmissible summary judgment evidence to prove Plaintiff was less qualified during the selection process, which led to Plaintiff's non-selection. The summary judgment evidence submitted by Defendant lacks credibility. Moreover, Plaintiff asserts that Ms. Lambert's declaration proves that records were not located and Defendant cannot cite to the source of information used to create the ranking spreadsheet; therefore it can be inferred that Defendant's summary judgment evidence is inadmissible. Without any admissible evidence to show no genuine issue as to any material fact exists, this Court is left with Plaintiff's verified testimony and evidence of Defendant inadequate actions to demonstrate material fact issues, which should be left only for a jury. Therefore, we respectfully ask this Court to **DENY** the

Summary Judgment Motion as it relates to Plaintiff's retaliation claims under Title VII and TCHRA because material fact issues exist to proceed to trial.

Dated: May 15, 2023                              Respectfully submitted,



**Eddie Hodges Jr.**
Texas Bar No. 24116523
S.D. ID. 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
5120 Woodway Dr. Suite 10010
Houston, Texas 77057
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023 a true and correct copy of the foregoing instrument

has been served on all counsel of record via ECF online filing system.

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

**Ariel N. Wiley**
Assistant United States Attorney
Texas Bar No. 24093366
Federal ID No. 2554283
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9000
Facsimile: (713) 718-3303
Email: ariel.wiley@usdoj.gov
**ATTORNEY FOR DEFENDANT**

_____
Eddie Hodges Jr.