IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CARLO JIMENEZ,** *Plaintiff*, | § § § |
| v. | § §  Case No. 4:21-cv-03242 |
| **ALEJANDRO MAYORKAS, et al.,** *Defendants.* | § § § § § |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT EXHIBITS**

On May 15, 2023, Plaintiff Carlo Jimenez filed a response to Defendant's Motion for Summary Judgment and the response included exhibits. Defendant hereby moves to strike all the exhibits A-K in the response because Plaintiff failed to disclose this evidence or these witnesses during discovery.

**LEGAL STANDARD**

A party must, without awaiting a discovery request, provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. FED. R. CIV. P. 26 (a)(1)(A)(i). "The discovery rules rely heavily on voluntary compliance, because a party can often never know about evidence withheld by its opponent." *Caskey v. Man Roland, Inc.*, 1996 U.S. App. LEXIS 45287 *19 (5th Cir. 1996). "With Fed. R. Civ. P. 37(c)(1), Congress ensured that an undisclosing party may at least not make use of its own concealed evidence." *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), *the party is not allowed to use that information or witness to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37 (c)(1) (emphasis added).

In evaluating whether a discovery violation is harmless, the Court must look to four factors:

"(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Even the Ninth Circuit has found that late disclosure of evidence during the advanced stage of a litigation is not harmless. *Jonibach Mgmt. Trust v. Wartburg Enters.*, 136 F. Supp. 3d 792, 805 (S.D. Tex. Sep. 30, 2015) citing *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (that plaintiff's failure to disclose required the court to "create a new briefing schedule and perhaps re-open discovery," even set a new trial date, i.e., modifications "supporting a finding that the failure to disclose was not harmless."), *cited with approval, CQ Inc. v. TXU Mining Co., LP*, 565 F.3d 268, 280 (5th Cir. 2009).

## ARGUMENT

Plaintiff failed to provide any disclosures to Defendant. As such, Defendant reasonably operated as though Plaintiff did not have any witnesses or evidence. However, when Plaintiff filed his Response to Defendant's Motion for Summary Judgment, he attached eleven exhibits to his response. Dkt. 37-1 – 37-11. None of these exhibits were disclosed. Furthermore, Plaintiff never disclosed any witnesses. Thus, it was as a surprise to find that Plaintiff's response included a declaration from a witness that had never been disclosed.

Plaintiff filed this case in October 2021. Yet he never disclosed to Defendant's any of his supporting witnesses or evidence. To allow Plaintiff to rely on this evidence or these witnesses at the last minute would be improper, prejudicial, and simply unfair. These exhibits and declarations amount to the entirety of Plaintiff's case.

Furthermore, reopening discovery will not remedy this issue. Defendant has filed a dispositive motion and discovery closed months ago. Defendant will be prejudiced if they are forced to litigate the case from the beginning due to Plaintiff's negligence.

As such, the only equitable remedy is to strike this evidence, these witnesses, and all arguments that reference them from the response and for any possible use in the future of this case.

## CONCLUSION

Defendant respectfully moves for this Court to strike Plaintiff's exhibits A-K, labeled as Dkt. 37-1 – 37-11, as well as the witnesses and arguments that reference them, from the response and for any possible use in the future of this case.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on May 27, 2023 the foregoing filing was delivered to all parties and counsel registered with the Court CM/ECF system.

*/s/ Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney