United States District Court
Southern District of Texas
**ENTERED**
July 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO JIMENEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-21-3242 |
| | § | |
| ALEJANDRO MAYORKAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Carlos Jimenez alleges that he was denied a promotion to a supervisory position at Immigration and Customs Enforcement in retaliation for complaints he had made over the years. The defendants have moved for summary judgment, (Docket Entry No. 34), arguing that the undisputed facts show that the promotion decision was based on a merit-based evaluation process that placed Jimenez too far down on the list to warrant promotion. The defendants also argue that Jimenez has not raised a factual dispute as to whether the process used to evaluate the applicants was used as a pretext to deny Jimenez the promotion based on retaliation for his prior complaints.

Based on the pleadings, the motion and response, the record, and the applicable law, the court grants the motion for summary judgment. The reasons are explained below.[1]

**I.    The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th

---

[1] The defendants' motion to strike based on the plaintiff's alleged discovery misconduct is denied as moot. (Docket Entry No. 41).

Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City*

*of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'"  *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**II.     Analysis**

The parties do not dispute that Jimenez had made complaints about various incidents of alleged discrimination or retaliation in 2010, 2012, 2013, 2015, and 2018.  (Docket Entry No. 34-1 at 00111).  Jimenez was one of 76 applicants for a promotion to Supervisory Detention and Deportation Officer (GS-13) in July 2019, (Docket Entry No. 37-1 (Jimenez Decl.) ¶ 4).  Jimenez had "maxed out" in his position as a Deportation Officer (GS-12). (*Id.*).  Jimenez argues that he should have been promoted because was the best-educated law-enforcement officer in the Houston field office and had performance ratings of either excellent or outstanding.  (*Id.* ¶ 2).  He argues that he was denied promotion because of retaliation.

All applicants to the Supervisory Officer position were evaluated in different categories. (*See* Docket Entry No. 34-2 at 00046–47).  Of the 76 applicants, the top 15—based on the sum of the initial scoring categories—received scores for two additional categories, "Final Resume Review Score," and "Final Interview Score."  (*Id.* at 00046).  Those two categories were averaged to reach a "Final Score."  The top two applicants were selected based on these "Final Scores." (*Id.*).  Jimenez had the twelfth highest "Final Score" among the fifteen finalists.  (*Id.*).  Jimenez did not have the highest "Final Interview Score," and he was tied with two other finalists for the lowest "Final Resume Review Score."  (*Id.*).

It is undisputed that several members of the panel tasked with rating and ranking the applicants for the 2020 promotion were aware of Jimenez's prior complaints.  It is also undisputed that these complaints were protected activity for the purpose of Jimenez's retaliation claim.

Patrick Contreras, the selection official, had been the target of one of Jimenez's complaints. (Jimenez Decl. ¶ 6).  Stephanie Lambert[-Ofulue], the scoring and ranking official responsible for giving the selection sheet to Contreras, was also aware of Jimenez's prior complaints. (*Id.* ¶ 9(a)). One of the three members of the interview panel, Jerry Turner, also knew of Jimenez's prior complaints, as did one of three members of the resume panel, Gabriel Martinez. (*Id.* ¶ 9(c), (d)). It is also undisputed that the last complaint Jimenez had filed was in 2018, the year before the application process for the GS-13 position began, and two years before Jimenez received notice that he had not been selected.

A plaintiff alleging that he suffered an adverse employment action in retaliation for protected activity must demonstrate a causal connection between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir.2007). The plaintiff must present facts that could show that, but for his protected activity, he would not have suffered the adverse employment action. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

Jimenez's argument is based in part on the identity of the officials responsible for evaluating applicants for the Supervisory Officer position.  Jimenez also makes two related arguments.  The first is that the agency violated its own record retention policy when it did not retain records relating to the promotions for the amount of time specified in the policy.  (Docket Entry No. 37 at 12–16).  Jimenez argues that this violation makes the evaluation ranking spreadsheet used in the promotion decision untrustworthy and inadmissible.  (*Id.* at 14).

The individual reporting the agency's inability to locate the papers, Stephanie Lambert-Ofulue, who was the scoring and ranking official for the position, stated that the combination of the Covid-19 pandemic and a major office renovation project was likely responsible for the loss

of these papers. (Docket Entry No. 37-4 (Lambert-Ofulue Decl.) at Jimenez0193). Lambert-Ofulue "manage[d] the employee selection process" for the Houston Field Office. (*Id.* at Jimenez0192). She was responsible for collecting and preparing resume packets for the applicants seeking the promotion in question. (*Id.*). She entered the final scores into a spreadsheet, which tallied and averaged the various scores. (*Id.* at Jimenez0193). Finally, Lambert-Ofulue "ranked the applicants based on their average score and submitted to [Houston Field Office] leadership for final selection." (*Id.*). This declaration sufficiently establishes that the ranking spreadsheets are competent and admissible summary judgment evidence. FED. R. EVID. 803(6). Jimenez has not pointed to facts in the record raising a factual dispute material to determining that the spreadsheets accurately reflect the underlying information.

Jimenez also argues that, when compared to the two applicants the panel identified as the top performers—Jennifer Buchanan and Brian Balkovec—he had better qualifications. On the category of education, training, and professional development, Buchanan scored 24, Balkovec scored 23, and Jimenez scored 28. (Docket Entry No. 34-2 at 000046). But that score was not the only relevant metric: on the categories of work experience and technical proficiency, Buchanan and Balkovec scored far higher (28 and 26; 26 and 25) than Jimenez (22 and 22). (*Id.*). On the final interview score and final resume review score, both Buchanan (8.67, 8.50) and Balkovec (8.22; 8.50) did far better than Jimenez (8.00; 5.67). (*Id.*).

A plaintiff who failed to get a promotion and who argues that the reason was a pretext for discrimination or retaliation must point to record evidence that could show that he was "clearly better qualified (as opposed to merely better or as qualified) than the employees who are selected." *Moss v. BMC Software*, 610 F.3d 917, 922 (5th Cir. 2010) (internal quotation marks and citation omitted). An employer does not violate the law when it compares applicants' overall scores and

qualifications.  *Gonzalez v. City of San Antonio*, 2013 WL 1149996, at *4 (5th Cir. March 12, 2013) (per curiam).  Jimenez has failed to point to summary judgment evidence supporting his argument that he was "clearly better qualified" than the two applicants who were selected for the promotion.

While the record shows that those involved in the 2020 promotion decision also knew that Jimenez had made complaints in the four years before 2018, the summary judgment record provides insufficient evidence to support a causal link between Jimenez's complaints, including the latest EEO complaint in 2018, and the decision not to promote Jimenez in 2020.  The two-year time lapse between Jimenez's protected activity and the decision to not promote him does not support a causal link.  *Feist v. Louisiana*, 730 F.3d 450, 455 (5th Cir. 2013) (affirming the district court's dismissal on the basis that the plaintiff provided no evidence of a causal link "other than temporal proximity of five months"); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (a five-month time period between the protected activity and the adverse action was too attenuated to show retaliation on temporal proximity alone).  Jimenez does not point to evidence showing that Contreras or Lambert-Ofulue altered the ranking spreadsheet such that it did not accurately reflect the scores provided to her by the relevant panels.  Finally, Jimenez does not point to evidence showing that the panel members who knew of his prior complaints, Turner and Martinez, awarded Jimenez fewer points because of his protected activity, or that those two individuals unduly influenced the scores of other panel members.

The evidence as to the selection process and the scoring that ranked Jimenez was ranked twelfth out of seventy-six is undisputed.  That evidence satisfies the defendants' obligation to articulate legitimate, nonretaliatory reasons for the promotion decision.  The record fails to raise a

factual dispute material to determining whether the challenged promotion decision was based on retaliation for Jimenez's prior complaints.

### III.     Conclusion

The defendants' motion for summary judgment is granted. (Docket Entry No. 34). The motion to strike is denied as moot. (Docket Entry No. 41).

Final judgment will be separately entered.

SIGNED on July 5, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge