United States District Court
Southern District of Texas
**ENTERED**
September 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO JIMENEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-21-3242 |
| ALEJANDRO MAYORKAS, *et al.*, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

Carlo Jimenez has moved for reconsideration of this court's July 5, 2023, Memorandum and Opinion and Final Judgment granting summary judgment for all defendants. (Docket Entry Nos. 46–48). Based on the motion, the response, and the applicable law, the court denies the motion for reconsideration. The reasons are set out below.

**I.      The Rule 59(e) Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Mr. Jimenez filed his motion within the 28-day window, so his motion is evaluated as a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly

discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018).

**II.     Analysis**

Mr. Jimenez claims the court made manifest errors of fact and law when it determined that the spreadsheet ranking the job applicants accurately reflected the information about the applicants. (Docket Entry No. 48 at 6–10).  He alleges that a jury "could find" that his resume and interview score sheets were never given to Stephanie Lambert-Ofulue, who assembled the spreadsheet.  (*Id.*).  Mr. Jimenez previously made this argument, (Docket Entry No. 37 at 19), and the court rejected it on the basis that Ms. Lambert-Ofulue's declaration sufficiently established the spreadsheet's accuracy. (Docket Entry No. 46 at 5).  Mr. Jimenez has not raised any new arguments or offered new evidence calling that conclusion into question.  His primary argument continues to be that the fact that the documents underlying the spreadsheet information could not be found after the fact.  This does not controvert the evidence that the spreadsheet was made using the underlying documents and accurately reflected them.

Mr. Jimenez further claims the court made a manifest error of fact and law when it determined that Mr. Jimenez was not better qualified than the two top applicants for the position.

(Docket Entry No. 48 at 10–12). A plaintiff who fails to get a promotion and who argues that the reason was a pretext for discrimination or retaliation must point to record evidence that could show that he was "clearly better qualified (as opposed to merely better or as qualified) than the employees who are selected." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (internal quotation omitted). Mr. Jimenez again points to the alleged untrustworthiness of the ranking spreadsheet, which showed that the two top applicants had similar or better scores than he did. But he does not point to evidence that could show that he was "clearly better qualified." (Docket Entry No. 48 at 11). He does not provide any new evidence regarding the insufficient causal link between the protected activity and the lost promotion. (Docket Entry No. 46 at 6).

Mr. Jimenez's motion presents insufficient grounds for the "extraordinary remedy" of reconsideration, and instead attempts to relitigate issues that the court decided in ruling on the motion for summary judgment. *Templet*, 367 F.3d at 478–79 (A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Mr. Jimenez's motion for reconsideration, (Docket Entry No. 48), is denied.

SIGNED on September 1, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge